IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KENNETH RAY HOLBERT SR., § | | |
| TDCJ-CID NO. 2389106, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 2:24-CV-50-Z-BR |
| § | | |
| BOBBY LUMPKIN, Director, Texas § | | |
| Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR WRIT OF HABEAS CORPUS
and MOTION FOR SUMMARY JUDGMENT**

Petitioner Kenneth Ray Holbert Sr. filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and a Motion for Summary Judgment (the "Motion"). (ECF 1, 13). Having considered the petition, the Motion, the responses and replies, the record and applicable authorities, the Court concludes that Holbert's habeas petition and Motion should be DENIED for the reasons set forth below.

**I. FACTUAL BACKGROUND**

On March 21, 2022, Holbert pleaded guilty in Randall County District Court in Amarillo, Texas, to aggravated assault with a deadly weapon resulting in serious bodily injury. (ECF 7-1 at 23, 270). He was sentenced to 75 years of imprisonment. (*Id.*). Holbert then filed a motion for new trial, alleging ineffective assistance of trial counsel. After a hearing, the trial court denied his motion. (*Id.* at 306-27, 336, 354, 357). He appealed the denial of his motion for new trial. (ECF 7-7). On February 2, 2023, Holbert's conviction was affirmed by the Seventh Court of Appeals. *See Holbert v. State*, 665 S.W.3d 120 (Tex. App.—Amarillo 2023, pet. ref'd). (ECF 7-10).

Holbert filed a petition for discretionary review, alleging that the appellate court had applied an improper standard of review in affirming the denial of his motion for new trial. (ECF 7-14). The Texas Court of Criminal Appeals refused his petition for discretionary review on May 3, 2023. *See Holbert v. State*, PDR No. 0201-23 (ECF 7-15). Holbert then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on October 10, 2023. *See Holbert v. Texas*, 144 S. Ct. 294 (2023). He did not file a state habeas application. (ECF 1 at 7).

Holbert timely filed this action on March 14, 2024, alleging that the state appellate court imposed an improper additional burden when it evaluated his motion for new trial under the abuse of discretion standard. Holbert also filed the Motion, seeking summary judgment on the same grounds as argued in his petition. (ECF 13).

## II. ALLEGATION FOR RELIEF

Holbert asserts the following ground for relief:

> Does a state-court decision unreasonably apply a U.S. Supreme Court decision clearly establishing federal law by requiring a defendant raising a federal constitutional claim to meet a *further* burden the Supreme Court did not contemplate?

(ECF 1 at 8) (emphasis in original).

## III. STANDARD OF REVIEW

Title 28 U.S.C. § 2254 authorizes a federal court to entertain a petition for a writ of habeas corpus by a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). However, under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, a federal court may not grant relief on any claim that was adjudicated on the merits in the state court proceeding unless the petitioner shows that the prior adjudication:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the

2

>    Supreme Court of the United States; or
>
> 2.   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d). A decision is considered contrary to clearly established federal law if the state reaches a conclusion opposite to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is considered unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id*.

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. "This standard demands much more than state court error." *Pitchford v. Cain*, --- F.4th ---, 2025 WL 227696 *3 (5th Cir. Jan. 17, 2025). The standard is "difficult to meet," because it requires the state prisoner to show that the state court's ruling was so lacking in justification that there was an error well understood in existing law beyond any possibility for fair-minded disagreement. *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011). "Absent that kind of extreme malfunction in the state system, the writ shall not be granted." *Pitchford*, 2025 WL at *3 (internal quotation, marks and alteration omitted).

When reviewing state proceedings, "federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). Instead, a person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law unless a federal issue also is present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Deference to the state court's ruling applies even when the state court decides an issue without fully explaining its reasoning. *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003); *accord Amos v. Thornton*, 646 F.3d 199, 205 (5th Cir. 2011) (per curiam) ("[D]eference due under § 2254(d)(1) is not diminished by the fact that the [state court] did not explain the reasons for its determination[.]"). This is because "a federal habeas court only reviews the reasonableness of the state court's ultimate decision," "not the written opinion explaining that decision." *Schaetzle*, 343 F.3d at 443.

## IV. Legal Analysis

**A.     Holbert's Claim of State Appellate Court Error.**

Holbert alleges that the state appellate court erred by using an abuse of discretion standard in affirming the trial court's denial of his motion for new trial, which was brought on the grounds of ineffective assistance of counsel. (ECF 1 at 8). Holbert does not address the underlying issue of whether his trial counsel was, in fact, ineffective; instead, he challenges only the standard of review used by the state appellate court. (*Id.*). He claims that the abuse-of-discretion standard improperly creates an additional hurdle for him to overcome in seeking relief – one that is contrary to the U.S. Supreme Court's clearly established decision in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) and thus meets the requirements for relief under Section 2254(d)(1).[1]

To establish ineffective assistance of counsel under *Strickland*, a petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Id.* at 687. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 688. Under *Strickland*'s prejudice

---

[1] Holbert states that he does not seek relief under the "unreasonable application" standard of Section 2254(d)(2). (ECF 12 at 4). *See Gregory v. Thaler*, 601 F.3d 347 (5th Cir. 2010) ("Claims of ineffective assistance of counsel … are governed by § 2254(d)(1)").

4

prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697.

Texas courts review a trial court's denial of a motion for new trial, whether based on ineffective assistance of counsel or otherwise, under an abuse of discretion standard. *Becerra v. State*, 685 S.W.3d 120, 127 (Tex. Crim. App. 2024). Under this standard, Texas courts "do not substitute [their] judgment for that of the trial court; rather, [they] decide whether the trial court's decision was arbitrary or unreasonable." *Id*. (citing *Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014)). Under Texas law, a trial court abuses its discretion when no reasonable view of the record could support its ruling. *Id*.; *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017).

Holbert argues that the state appellate court's standard of review is contrary to *Strickland* in that it improperly added a requirement before he could obtain relief: showing that the trial court abused its discretion when it denied the motion for new trial. This requirement, Holbert argues, was neither approved nor required by *Strickland*. A state court decision is "contrary" to established federal law under Section 2254(d)(1) if the state court applies a rule that contradicts Supreme Court precedent. *Williams*, 529 U.S. at 405-06 (2000).[2]

**B.     The State Court's Ruling.**

Because federal habeas review requires analysis of the relevant state court decision, the Court must first determine which state court decision to evaluate. "For each claim governed by

---

[2]The *Williams* court defined "contrary" as "diametrically different," "opposite in character or nature," or "mutually opposed." *Williams*, 529 U.S. at 405 (citing Webster's Third New International Dictionary 495 (1976)). "The text of § 2254(d)(1) therefore suggests that the state court's decision must be substantially different from the relevant precedent of this Court." *Id.*

5

AEDPA's relitigation bar, ... we must train our attention on the last related state-court decision that provides a relevant rationale to a particular claim." *Wooten v. Lumpkin*, 113 F.4th 560, 566 (5th Cir. 2024), quoting *Lucio v. Lumpkin*, 987 F.3d 451, 465 (5th Cir. 2021) (en banc) (internal citation and quotations omitted). "Using the 'look through' doctrine, we ignore—and hence, look through—an unexplained state court denial and evaluate the last reasoned state court decision." *Woodfox v. Cain*, 772 F.3d 358, 369 (5th Cir. 2014) (internal quotation omitted). In this case, the Court will "look through" the unexplained denial of Holbert's petition for discretionary review by the Texas Court of Criminal Appeals[3] and instead look to the Seventh Court of Appeals' reasoned determination in his direct appeal. *See Holbert*, 665 S.W.3d 120.

Holbert's motion for new trial primarily was based on his allegation that trial counsel was ineffective for failing to: (1) seek a continuance to review late-produced evidence and to avoid sentencing by a visiting judge; and (2) interview Holbert's mother as a prospective punishment-phase witness.[4] While Holbert believes that the state appellate court used a more onerous standard of review than the standard mandated by *Strickland*, the court's written opinion indicates otherwise. Although the state court's order recites the abuse of discretion standard that is customary in Texas when evaluating denials of a motion for new trial, it proceeds to conduct a *de novo* review of the evidence to determine whether the trial court abused its discretion. In short, the appellate court properly evaluated trial counsel's purported errors under a *de novo* standard to determine if there was a reasonable probability that the attorney's performance more likely than not altered the outcome of Holbert's trial:

> There is nothing in the record to suggest that if counsel had requested a continuance,

---

[3]The U.S. Supreme Court's denial of certiorari does not constitute a ruling on the merits. *Lackey v. Texas*, 514 U.S. 1045 (1995) (Stevens, J., concurring).

[4]The other two grounds for his motion, which are not germane to this case, are: (1) the two errors discussed herein constitute cumulative error; and (2) the trial court erred in assessing fees (to which the state agreed and, as a result, the appellate court reformed the judgment to delete the fee order).

> it probably would have resulted in the sentencing hearing occurring before the sitting judge. In other words, Appellant has not proven that but for counsel's actions, the outcome would have been different. … Second, even assuming that a continuance would have landed Appellant back in front of the sitting judge and trial counsel had time to review the [late-produced evidence], **we do not find a reasonable probability that the ultimate outcome—the sentence—would have been different** based on the sitting judge's decision after the new trial hearing and the facts surrounding Appellant's prior criminal history and his pending case.
>
> \* \* \*
>
> Lost in Appellant's argument is that the sitting judge, the judge he believes would have been more lenient had his counsel acted differently, heard the evidence at the motion for new trial hearing. The sitting judge declined to find ineffective assistance of counsel and grant Appellant a new sentencing hearing. She failed to find either deficient performance or prejudice. This supports the notion that[,] if she had been the sentencing judge, the result would have been the same. Also, Appellant has not explained how the outcome would be different if counsel had time to review the [late-produced evidence]. He has not argued the [late-produced evidence] could have been suppressed, excluded, mitigated, or otherwise attacked on cross-examination.
>
> \* \* \*
>
> [Holbert's mother's] proposed testimony, as set forth in her affidavit, would not have established that the underlying proceedings were unreliable. Her testimony contained several mitigating points but was also squarely at odds with Appellant's trial strategy by directly challenging the victim's credibility and whether the offense for which Appellant pleaded guilty even occurred at all. This would certainly call into question [the mother's] credibility, which could directly affect the mitigating impact of her testimony at sentencing. Her testimony, undoubtedly, would have been a double-edged sword. When viewed in the broader context of Appellant's violent criminal history and the facts of the instant offense, we are not convinced that [the mother's] testimony would have resulted in a lesser sentence**…[The mother's] anticipated testimony, which would have included disparaging views of the victim and her own belief that Appellant was "set up," would not, in our view, reasonably lead to a more favorable sentencing verdict."**

*Holbert*, 665 S.W.3d at 125, 126 (emphases added).

Claims of ineffective assistance of counsel "involve mixed questions of law and fact." *Gregory*, 601 F.3d at 351; *see also Strickland*, 466 U.S. at 697. As the Sixth Circuit noted in the direct appeal of the grant of a motion for new trial based on ineffective assistance:

> It is of no consequence that the ineffective-assistance claim in this case is presented

> in the atypical context of an overarching new-trial-motion determination, which, as we have stated, is reviewed for abuse of discretion. This is because mixed questions of law and fact involve the application of law to fact and an improper application of the law constitutes an abuse of discretion. Accordingly, we give no deference to the district court's application of the *Strickland* ineffective-assistance standard to the facts of this case.

*United States v. Munoz*, 605 F.3d 359, 366-67 (6th Cir. 2010) (internal alterations and quotations omitted); *see also United States v. Fuchs*, 467 F.3d 889 (5th Cir. 2006) (noting, in direct appeal of denial of motion for new trial, that a claim of ineffective assistance of counsel presents a mixed question of law and fact, and the district court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*.).

Under *Strickland*'s prejudice prong, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.[5] This is exactly what the state appellate court determined, as shown above. In this case, the standard of review recited in the state court order is, in essence, a distinction without a difference. Holbert received a *de novo* review of the facts of his ineffective assistance claim, after which the state appellate court determined that the trial court did not abuse its discretion in denying his motion for new trial. There has been no clear authority presented to this Court to support Holbert's assertion that the approach of the state appellate court was unreasonable or fundamentally unfair. Holbert's argument is, essentially, one of form over substance.

Regardless of the standard of review the state appellate court purported to use, it thoroughly

---

[5] A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "The *Strickland* Court noted that the 'benchmark' of an ineffective-assistance claim is the fairness of the adversary proceeding…." *Nix v. Whiteside*, 475 U.S. 157, 175 (1986).

reviewed of the application of *Strickland* to the facts of the case.[6] Given the strict AEDPA deference applicable hereto, the Court cannot find that the state appellate court's ruling was contrary to clearly established federal law as set forth in *Strickland*, as Holbert contends. There is no indication in the state appellate court order, or in Holbert's petition, that the abuse of discretion standard is contrary to the holding of *Strickland*,[7] or that the state appellate court would have ruled differently had it not been somehow constrained by its standard of review. Nor does the state appellate court's decision indicate that it required any evidence over and above *Strickland* in order to find an abuse of discretion.[8] The state appellate court's decision was not "so lacking in justification" that there is "beyond any possibility for fairminded disagreement." *Pitchford*, 2025 WL at *5, (quoting *Russell v. Denmark*, 68 F.4th 252, 261-62 (5th Cir. 2023) and *Harrington*, 562 U.S. at 103 (2011)).[9] As a result, Holbert's petition and Motion should be denied.

---

[6]When applicable, the state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (quoting 28 U.S.C. § 2254(e)(1)). This presumption extends not only to express findings of fact, but to the implicit findings as well. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). Denial of relief by the state court based on a factual determination will not be overturned by a federal habeas court unless the state court's decision is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Holbert does not challenge the state court's factual determinations; therefore, they are presumed to be correct.

[7]Holbert's argument also is foreclosed by the non-retroactivity doctrine established in *Teague v. Lane*, 489 U.S. 288 (1989). *Teague* prohibits the retroactive application of new constitutional rules of criminal procedure on collateral review. *Id*. at 310. Under *Teague*, a new rule is one that breaks new ground, imposes a new obligation on the states or the federal government, or was not dictated by precedent existing at the time the defendant's conviction became final. *See Hughes v. Dretke*, 412 F.3d 582, 590-91 (5th Cir. 2005). Unless reasonable jurists hearing the defendant's claim at the time his conviction became final would have felt compelled by existing precedent to rule in his favor, a federal habeas court is barred from doing so on collateral review. *Graham v. Collins*, 506 U.S. 461 (1993) (quoting *Saffle v. Parks*, 494 U.S. 484, 488 (1990)).

[8]Conversely, the state appellate court apparently found no evidence whatsoever of ineffective assistance in its review of the facts in the case.

[9]Further, Holbert does not show in either his petition or his Motion how he was adversely affected by the appellate court's standard of review; instead, he merely seeks relief based upon his belief that the appellate court used the wrong standard, without showing how a "correct" standard of review would have changed the appellate court's ruling.

### C. Holbert Invited Any Error.

To the extent that the abuse of discretion standard was error of a federal constitutional magnitude, such error was invited by Holbert. Texas courts consider an ineffective assistance of counsel claim in two ways: through a habeas corpus petition pursuant to Texas Code of Criminal Procedure article 11.07 and through a motion for new trial. *See, e.g., Crucet v. State*, 658 S.W.3d 799, 806 (Tex. App—Waco 2022, pet. ref'd). Holbert argues that he did not "invite" error in that he raised his ineffective assistance of counsel claim via what he states is the preferred method for Texas courts to address the issue: a motion for new trial. Therefore, he alleges, he should not be penalized for having his claim subjected to a higher standard of review in connection with his motion for new trial. As shown above, the Court disagrees that the standard of review created an unconstitutional additional burden on Holbert. However, even if that were true, Holbert invited the error by filing a motion for new trial instead of an article 11.07 petition. Contrary to Holbert's assertion, Texas courts consider a writ of habeas corpus as the better method for addressing ineffective assistance of counsel claims:

> Further, it has long been held that an application for a writ of habeas corpus is a better method for raising an ineffective assistance claim. *See Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) ("A petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective-assistance claims."); *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) ("[I]n most ineffective assistance claims, a writ of habeas corpus is essential to gathering the facts necessary to adequately evaluate such claims."). The Supreme Court has held that an initial claim for ineffective assistance is not procedurally barred in a habeas proceeding for failure to raise it on direct appeal, recognizing that the Texas deadlines make it more effective to raise an ineffective assistance of counsel claim by a post-trial application for a writ of habeas corpus. *Trevino v. Thaler*, 569 U.S. 413, 429 (2013). Appellate counsel made a strategic decision to first raise the ineffective assistance of counsel claim on direct appeal in a motion for new trial even though [defendant] had, and still has, what has been held to be an adequate mechanism by an application for a writ of habeas corpus. We hold that the procedural deadlines to file and rule on a motion for new trial did not deprive [defendant] of due process even in the absence of sufficient time to compile what he contends was needed information to be used for the motion for new trial hearing.

*Id*. at 806. Holbert had the opportunity to raise his ineffective assistance claim through an article 11.07 petition, but chose instead to pursue a motion for new trial, with its well-settled standard of review.

The invited-error doctrine provides that "a defendant cannot complain on appeal of alleged errors which he invited or induced, especially where the defendant may not have been prejudiced by the error." *Druery v. Thaler*, 647 F.3d 535, 545 (5th Cir. 2011) (internal quotation omitted). The doctrine applies on federal habeas review. "When a petitioner invites an error in the trial court, he is precluded from seeking habeas corpus relief for that error." *Id.* (quoting *Fields v. Bagley*, 275 F.3d 478, 486 (6th Cir. 2001)). Holbert chose this route; he cannot now complain that the appellate court erred by treating his motion for new trial as motions for new trial are customarily evaluated under Texas law.

## V. Certificate of Appealability

An appeal may not be taken to the Court of Appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)*; Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

11

In this case, it is recommended that reasonable jurists could not debate the denial of Holbert's § 2254 motion on substantive or procedural grounds, nor find that the issues presented are adequate to proceed. *See Miller-El*, 537 U.S. at 336-37 (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that the Court find that Holbert is not entitled to a certificate of appealability on all claims presented.

## VI. RECOMMENDATIONS

For the reasons stated above, the United States Magistrate Judge recommends that (1) the petition for a writ of habeas corpus filed by Kenneth Ray Holbert Sr. (ECF 1) be DENIED; (2) the motion for summary judgment (ECF 13) be DENIED; and (3) a Certificate of Appealability be DENIED.

## VII. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 28, 2025.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See*

28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).